■ M. LOWELL HARMAN, Suing as Director and Stockholder of and on Behalf of LINCOLN PRINTING COMPANY, Appellant, v. SAMUEL GRABOWETSKY et al., Individually and as Partners Doing Business under the Name of PEARL BINDERY, et al., Respondents, et al., Defendants.— Appeal, by plaintiff from so much of an order, entered July 9, 1962, which denies his motion for an order directing that the individual defendants appear for an examination before trial, unanimously dismissed as moot, on the law, with $20 costs and disbursements to defendants-respondents. (See 21 A D 2d 862.) Concur — Breitel, J. P., Rabin, Valente, Stevens and Staley, JJ.

■ M. LOWELL HARMAN, Suing as Director and Stockholder of and on Behalf of LINCOLN PRINTING COMPANY, Respondent, v. SAMUEL GRABOWETSKY et al., Individually and as Partners Doing Business under the Name of PEARL BINDERY, et al., Appellants, and LINCOLN ENGRAVING AND PRINTING CORPO-RATION et al., Respondents.— Orders, entered May 20, 1964, denying the motions of defendants-appellants to dismiss the complaint for failure to prosecute pursuant to CPLR 3216, unanimously reversed, on the law, the facts, and in the exercise of discretion, with $20 costs and disbursements to appellants, and the motions to dismiss the complaint granted, with $10 costs. In this January, 1961 director's derivative action seeking recovery for the nominal corporate defendant, a printing company, of alleged excessive payments for bindery services from 1954 through 1960, plaintiff submits a conclusory affidavit of merits containing little evidentiary matter. No significant evidence of excessive payments or reduced profits is shown even though plaintiff has the co-operation of the nominal defendant printing company and an expert in binding charges. Moreover, plaintiff's excuse that pretrial proceedings are pending is insufficient. He has had the co-operation of the printing company since September, 1962, and the importance of additional discovery proceedings is not shown. It is significant that plaintiff neglected

for 21 months to perfect his appeal from an order denying examination before trial of the individual defendants, and then he did so only after noticing of these motions for failure to prosecute. (See *Sortino* v. *Fisher,* 20 A D 2d 25.) Concur — Breitel, J. P., Rabin, Valente, Stevens and Staley, JJ.